UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES Plaintiff

v. Criminal Action No. 3:26-CR-00061-RGJ

HARJINDER SINGH Defendant

* * * * *

**MEMORANDUM OPINION & ORDER**

Defendant Harjinder Singh ("Singh") moves for return of property, specifically a truck and phone. [DE 53 at 186]. The United States responded in opposition. [DE 55]. Singh filed a reply. [DE 56]. This matter is ripe and for the reasons below, Singh's Motion for Return of Property [DE 53] is **DENIED.**

**BACKGROUND**

On May 20, 2026, Singh was indicted on one count of conspiracy to distribute controlled substances, and three counts of distribution of cocaine. [DE 1]. On May 29, 2026, Singh was arraigned and released on bond. [DE 39]. On June 6, 2026, Singh filed the present motion seeking return of property. [DE 53]. The August 6, 2026 trial date in this matter was remanded on July 8, 2026 by agreement of counsel and the Court and the case is set for a status conference December 9, 2026. [DE 71, DE 99].

**ANALYSIS**

Although no law or rule is cited, Singh's Motion for Return of Property is most appropriately construed under Federal Rule of Criminal Procedure ("Rule") 41(g). *United States v. Bitoff*, No. 2:22-MC-51648, 2023 WL 4061660, at *1 (E.D. Mich. Mar. 21, 2023) (citing *In re the Premises Known and Described as 100 Sweeneydale Ave., Bayshore*, No. 14–MC–1179, 2015 WL 3607572, at *6 (E.D.N.Y. June 6, 2015) ("Although the Petitioners do not refer to Fed. R.

Crim. P. 41(g) in their original motion, the Court will construe their motion for the return of their property as one made under Rule 41(g).")). Rule 41 provides, in relevant part:

> (g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed.R.Crim.P. 41(g).

"'The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated.'" *United States v. Hess,* 982 F.2d 181, 186 (6th Cir. 1992) (quoting *United States v. LaFatch,* 565 F.2d 81, 83 (6th Cir. 1977)). Under Rule 41, "'[a] district court has both the jurisdiction and the duty to return the contested property once the government's need for it has ended.'" *United States v. Bowker,* 372 F.3d 365, 387 (6th Cir. 2004) (quoting *Hess,* 982 F.2d at 187), *vacated on other grounds by* 543 U.S. 1182, *reinstated by* 125 F. App'x. 701 (2005). "However, the person seeking return of property must show that they are lawfully entitled to possess it." *Savoy v. United States*, 604 F.3d 929, 932–33 (6th Cir. 2010) (quoting *United States v. Headley,* 50 F. App'x. 266, 267 (6th Cir. 2002) (unpublished order)); *accord Sovereign News Co. v. United States,* 690 F.2d 569, 577 (6th Cir. 1982), *cert. denied,* 464 U.S. 814 (1983); *United States v. Francis,* 646 F.2d 251, 262 (6th Cir. 1981) (holding that Rule 41 places the burden on the claimant), *cert. denied,* 454 U.S. 1082 (1981).

"A district court's decision to exercise jurisdiction over a Rule 41([g])[1] motion should be governed by equitable principles, and it should be exercised with caution and restraint." *Bitoff*,

---

[1] *See Brown v. United States*, 692 F.3d 550, 552 (6th Cir. 2012) (citing *De Almeida v. United States,* 459 F.3d 377, 380 n. 2 (2d Cir.2006) ("Previously, the subsection addressing motions to return property was Rule 41(e). In 2002, this subsection was redesignated Rule 41(g) without substantive change.")).

2023 WL 4061660, at *2 (quoting *$8,050.00 in U.S. Currency v. United States*, 307 F. Supp. 2d 922, 925 (N.D. Ohio 2004)). When deciding a Rule 41(g) motion, a court considers four factors:

> (1) whether the [g]overnment displayed a callous disregard for the constitutional rights of the movant; (2) whether the movant has an individual interest in and need for the property [she] wants returned; (3) whether the movant would be irreparably injured by denying return of the property; and (4) whether the movant has an adequate remedy at law for the redress of [her] grievance.

*Bitoff*, 2023 WL 4061660, at *2 (citing *In re Search of 32900 Five Mile Rd., Livonia, MI 48154*, No. 13-50293, 2015 WL 3742589, at *4 (E.D. Mich. June 15, 2015) and quoting *Ramsden v. United States*, 2 F.3d 322, 325 (9th Cir. 1993)). "If an adequate remedy at law exists, the fourth factor is dispositive: a movant is not entitled to equitable relief, and a court must decline to exercise jurisdiction." *Brown v. United States*, 692 F.3d 550, 552 (6th Cir. 2012); *Shaw v. United States*, 891 F.2d 602, 603 (6th Cir. 1989).

Here, Singh's motion seeking return of the property is premature. The two items he seeks return of were seized during his arrest on May 27, 2026. [DE 55 at 188]. The indictment includes a forfeiture allegation that Singh shall forfeit "any and all property constituting . . . proceeds . . . of said offenses, and any and all of the defendants' property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violations alleged in this indictment." [DE 1 at 131]. Under Federal Rule of Criminal Procedure 32.2, an indictment must contain notice to the defendant that the government will seek the forfeiture of property in order for the court to enter a judgment of forfeiture but the "indictment or information need not identify the property subject to forfeiture or specify the amount of any forfeiture money . . ." As noted above, Rule 41(g) is an equitable remedy available when the defendant has no adequate remedy at law. *Brown*, 692 F.3d at 552. And, "'[o]rdinarily the inclusion of the forfeiture allegation in the indictment is sufficient to bar the return of [property] unless and until a trier of fact determines

whether the funds are subject to forfeiture.'" *United States v. Hills*, No. 1:16CR329, 2018 WL 1621088, at *8 (N.D. Ohio Apr. 4, 2018) (citing *United States v. Durante*, No. 11–277 (SRC), 2012 WL 2863490, at *1 (D. N.J. July 11, 2012)).

The truck and the phone, seized during Singh's arrest, fall into the definition of property allegedly used or intended to be used to commit the charged conspiracy or distribution of cocaine as set forth in the indictment. Singh has notice of this forfeiture from the indictment. As a result, Singh's motion is premature and he has an adequate remedy of law as he may contest forfeiture at the conclusion of the proceedings under Federal Rule of Criminal Procedure 32.2. Singh's motion for return of property is DENIED.

**CONCLUSION**

The Court being otherwise sufficiently advised, **IT IS ORDERED** that Singh's motion for return of property [DE 53] is **DENIED.**

Rebecca Grady Jennings, District Judge
United States District Court

October 23, 2026